UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSADDEGH MOHAMMADI, A-246-909-520,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:26-cv-4122 TLN AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding pro se, has filed a second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I.      Factual Background

Petitioner is a native and citizen of Afghanistan who entered the United States some time in December 2024.  ECF No. at 8-1 at 2.  Respondents have submitted two I-213 forms for petitioner that reflects that he was apprehended by Border Patrol on December 5, 2024, and issued an expedited notice of removal.  ECF No. 8-1 at 2; ECF No. 8-2 at 2.  On January 15, 2025, he was issued a Notice to Appear after a positive credible fear determination.  ECF No. 8-1 at 2; ECF No. 8-3 at 1.  On January 30, 2026, he was paroled under the Alternative to Detention (ATD) program, which included ankle monitoring.  ECF No. 1 at 6; ECF No. 8-1 at 2.  Petitioner was re-detained on April 10, 2026, after reporting to the ATD office as instructed by his case

1

specialist.  Id.  Petitioner asserts that he was in compliance with his supervision requirements prior to his detention while the government asserts that he had missed four ATD check-ins between January 13, 2026, and March 27, 2026.  ECF No. 1 at 6; ECF No. 8 at 3; ECF No. 8-1 at 3.  He was issued an I-200 warrant of arrest and advised that he was being detained due to the multiple violations.  ECF No. 8-1 at 2.

II.     Procedural History

On May 29, 2026, the court received petitioner's pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by the DHS.  ECF No. 1.  The undersigned found that, liberally construed, the petition "asserts two violations of petitioner's due process rights: one based on prolonged detention and another based on the revocation of his release."  ECF No. 7.  Respondents were directed to respond to the petition and required to "substantively address whether there are any factual or legal issues that materially distinguish this case from O.A.C.S. v. Wofford, No. 1:25-cv-1652 DAD CSK, 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), Mohammad S. v. Andrews, No. 1:26-cv-0590 TLN CSK, 2026 WL 480095 (E.D. Cal. Feb. 20, 2026), Lida G.B. v. Albarran, No. 1:25-cv-2061 TLN CKD, 2026 WL 19104 (E.D. Cal. Jan. 3. 2026), and other similar cases previously decided by this court."  Id.  Respondents filed a response stating "[w]hile the ATD program violations distinguishes this case from Mohammad S. and Lida G.B., Respondents agree that the factual and legal issues present here are not substantively distinguishable to O.A.C.S."  ECF No. 8.  Respondents nonetheless argue that petitioner's due process rights have not been violated because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  Id.  Petitioner has not yet filed a reply, but the undersigned finds that further briefing is not necessary to a fair adjudication of the motion.

III.    Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).  In federal habeas

2

proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

    IV.    <u>Discussion</u>

    Respondents seek to distinguish this case from the court's prior orders in <u>Mohammad S.</u>, 2026 WL 480095, and <u>Lida G.B.</u>, 2026 WL 19104, on the ground that the petitioners in those cases were undisputedly in compliance with their release requirements while petitioner in this case has alleged ATD violations. ECF No. 8 at 3. However, the undersigned is unconvinced the distinction is material to the issue presented, particularly in light of respondents' concession that this case is not substantively distinguishable from <u>O.A.C.S.</u>, 2025 WL 3485221, in which petitioner had multiple alleged check-in violations. Considering the facts of this case and respondents' concession that it is not materially distinguishable from <u>O.A.C.S.</u>, the undersigned adopts and incorporates by reference the reasoning in <u>Mohammad S.</u>, <u>Lida G.B.</u>, and <u>O.A.C.S.</u> and finds that petitioner's re-detention without a hearing before a neutral adjudicator where the government would be required to justify his re-detention by clear and convincing evidence violates due process.

    While the court in <u>O.A.C.S.</u> recommended a post-deprivation bond hearing rather than immediate release because the petitioner's re-detention based on the alleged check-in violations was not obviously pretextual, 2025 WL 3485221, at *4-5, the undersigned finds release to be a more appropriate remedy in these circumstances. As another court articulated, "even if Petitioner's arrest was not pretextual and was solely motivated by ICE's realization of his ATD violations, it would not necessarily follow that Petitioner can be detained for those violations without a hearing." <u>E.A. T.-B. v. Wamsley</u>, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. Aug. 19, 2025). The undersigned agrees. In this case, respondents waited two weeks to re-detain petitioner after his last alleged failed check-in, and they detained him when he reported to the ATD office as directed. Respondents do not argue that petitioner's missed check-ins make him a flight risk or danger to public safety, and no neutral arbiter has made such a determination. Nor do respondents point to any reason why a pre-deprivation hearing could not be held, and they provide no evidence of "urgent concerns," warranting petitioner's re-detention without a hearing,

3

thus, "a pre-deprivation hearing is required to satisfy due process." Guillermo M.R. v. Kaiser, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025) (finding no urgency where ICE waited over six weeks after petitioner's arrest by local law enforcement to arrest and re-detain petitioner).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

   a. Respondents shall IMMEDIATELY RELEASE petitioner Mosaddegh Mohammadi, A-246-909-520, with the same conditions he was subject to immediately prior to his detention on April 10, 2026.  At the time of release, respondents must return all of petitioner's documents and possessions.

   b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

   c. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

   d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his April 10, 2026 detention.

3. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as

4

well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 18, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE